**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kenneth H. TAVES, Defendant—Appellant.**

No. 04–50220.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Decided Oct. 4, 2005.

Brent A. Whittlesey, Esq., Los Angeles, CA, for Plaintiff–Appellee.

USLA–Office of the U.S. Attorney Criminal Division, Kenneth H. Taves, MDC–Metropolitan Detention Center (Los Angeles), Los Angeles, CA, Karen L. Landau, Esq., Oakland, CA, for Defendant–Appellant.   D.C. No. CR–00–00187–JSL–01.

Before: GRABER and W. FLETCHER, Circuit Judges, and FOGEL,* District Judge.

MEMORANDUM **

Kenneth Taves appeals from a 135–month sentence. Taves pled guilty pursuant to a plea agreement for activity relating to an internet fraud scheme.

■ Taves first contends that his appointed counsel for sentencing should have been relieved. The district court did not abuse its discretion in refusing to relieve appointed counsel. The relationship between Taves and attorney Bakman had broken down due to a conflict over strategy, but there was not a complete breakdown in attorney-client communication. A conflict over strategy is not a sufficient conflict to warrant substitution of counsel. *United States v. McKenna,* 327 F.3d 830, 844 (9th Cir.), *cert. denied,* 540 U.S. 941, 124 S.Ct. 359, 157 L.Ed.2d 254 (2003).

Taves next contends that his sentence was too severe. In the plea agreement, Taves stipulated to a sentencing level of 20. The district court found additional facts relating to loss, role in offense, and sophistication. Pursuant to these findings, the court sentenced Taves at a level 29, resulting in the 135–month sentence. In addition, the court ordered $37,566,577 in restitution. A total of $12.8 million had already been recovered by the Federal Trade Commission ("FTC") in a related civil proceeding. The district court refused to reduce the restitution by the amount already recovered.

Taves contends that his Sixth Amendment right to a trial by jury was violated, that he should not be bound by the loss stipulation contained in the plea agreement, and that the court erred in not reducing the restitution order by the amount already recovered by the civil receiver.

We affirm the district court in all respects except for a limited remand under *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

■ The district court judge's finding of facts relating to loss amount, role in offense and sophisticated means, rendered when the Guidelines were mandatory, violated Taves's Sixth Amendment rights under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Under *Ameline* the proper remedy is a limited remand. 409 F.3d at 1074. Upon remand to the district court, *Ameline* requires the sentencing judge to consider whether he would have rendered the same sentence had he known the Guidelines were advisory. If he would have, then he must explain why, and the sentence will stand. If he would not have, Taves must be resentenced. *Id.* at 1074–1075.

■ Taves is bound by the loss stipulation because the loss stipulation was entered knowingly and voluntarily.

■ The district court permissibly decided to delay an offset in the restitution amount until after victims have been compensated. *United States v. Bright,* 353 F.3d 1114, 1122–1123 (9th Cir.2004). The FTC civil receiver has not yet disbursed the funds and therefore an offset would be premature. In the event that victims are compensated, then the restitution order must be offset. *Mandatory Victim Restitution Act of 1996,* 18 U.S.C. § 3664(j)(2).

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

The order of the district court is AF-FIRMED in all respects except for a limited REMAND under *Ameline*.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.